## ALBERT vs. BURBANK.

A deed of conveyance of lands having been delivered to the complainant by the defendant, and afterwards, before it was recorded, having been entrusted to the defendant for the purpose of having certain informalities in the deed corrected, the defendant refused to return it—*held*, that he should be decreed to execute the trust reposed in him, by restoring the deed, or, if destroyed by him, to give another good and sufficient conveyance for the premises.

*Mr. G. Ackerson* and *Mr. Knapp*, for complainant.

*Mr. L. Zabriskie*, for defendant.

THE VICE-CHANCELLOR.

The bill alleges that the defendants, Burbank and wife, by their deed of March 26th, 1870, duly executed, acknowledged and delivered, did convey to Ellen Albert, wife of Fanning P. Albert, ten acres, or thereabouts, of land, in the county of Ber-

gen; that the consideration was the sum of $5000, of which the sum of $2000 was paid in cash, and the remaining $3000 to be paid in one year, with interest; that, after the delivery of said deed of conveyance, said Albert discovered that the same, instead of reciting the name of the grantor, George M. Burbank, in full, recited it by the initials G. M. Burbank, and also that said deed contained several other minor informalities; that Burbank, a few days after the delivery of said deed, being shown said informalities by said Albert, and being requested by him to have the same corrected, took said deed for that purpose, promising to have them corrected, and return the deed to the grantee; that, having so obtained possession of the deed, Burbank afterwards refused, and has since continued to refuse, to return the same. The bill prays that he may be decreed to deliver up to the complainants the deed so given to him for correction, or, in case the deed cannot be produced by him, that another deed be decreed to be executed and delivered in place of the original one.

The defence is, *first*, that the deed was not delivered, as alleged in the bill, but was only committed to the custody of Albert for a special purpose pending the negotiations; and, *second*, that the case, as shown by the bill, is not one for relief in this court.

The evidence in the cause is considerably voluminous, and I shall say no more in respect to it, than that it establishes, in my judgment, the substantial allegations of the bill. In point of fact, I think the deed was delivered, and that the title to the land became vested in Albert, charged with the payment of the $3000, balance of the stipulated price. This balance, with interest, is due and unpaid.

The second point of defence was strenuously urged, but it cannot prevail. I think the case made by the bill is a plain case of trust. This view of it was resisted by the counsel of the defendant; but the authorities cited by him in respect to the specific enforcement of agreements for the sale or transfer of chattels apply to difficulties which this case of trust is not

embarrassed with. It is not important, as matter of pleading' that the fiduciary relation should be averred in a set form of words. The facts are averred, from which the fiduciary relation sufficiently appears. The special peculiar value of the deed to the complainant is obvious. It might not be indispensable in maintaining legal title, but it is the best and the appropriate evidence of it. There is no difficulty, so far as I am able to perceive, in decreeing the restoration of the deed on the elementary principles of trusts, which this court is the appropriate tribunal to enforce. That the defendant has destroyed the deed, cannot destroy the trust, or avail him as a defence. He can supply another good and sufficient conveyance of the premises to Ellen Albert, and this he must be decreed to do, upon payment or tender to him of the remaining part of the purchase money, with interest from the date of the stipulated mortgage.

I shall advise as above.